January 22, 1993
 UNITED STATES COURT OF APPEALS
 FOR THE FIRST CIRCUIT
 

No. 91-1409

 NORMAN R. HARRINGTON
 Plaintiff, Appellant

 v.

 DAVID O. COLE AND THE CITY OF OLD TOWN, ET AL.
 Defendants, Appellees

 

 On Petition For Rehearing
 

 Before
 Breyer, Chief Judge
 Torruella, Circuit Judge
 and Woodlock*, District Judge
 

 MEMORANDUM AND ORDER
 

 Per Curiam - In their petition for rehearing, the defendant
 

Cole and the defendant City of Old Town assert that "this Court

finessed the issue whether or not there was a 'clearly

established' constitutional right which might have been

violated. . ." Petition at 10. Rather than such a sleight of

hand, the defendants contend, "this Court should itself have

determined as a matter of law whether or not the actions of

Defendant Cole, on the facts of this case, were objectively
 

reasonable thereby entitling Cole to summary judgment . . ." Id. 
 

(emphasis in original)

 

*Of the District of Massachusetts, sitting by designation.

 The problem with the defendants' argument is that the

summary judgment motion record in this unusual case did not

permit the District Court or this Court to make such a

determination as a matter of law. The fountainhead of

substantive due process jurisprudence as applied to unwanted

manipulations of an individual's body, Rochin v. California, 342
 

U.S. 165 (1952), cautioned against making 

 due process of law a matter of judicial
 caprice. The faculties of the Due Process
 Clause may be indefinite and vague, but the
 mode of their ascertainment is not self-
 willed. In each case "due process of law"
 requires an evaluation based on a
 disinterested inquiry pursued in the spirit
 of science, on a balanced order of facts
 exactly and fairly stated, on the detached
 consideration of conflicting claims, on a
 judgment not ad hoc and episodic but duly
 
 mindful of reconciling the needs both of
 continuity and of change in a progressive
 society.

Id. at 172.
 

 The Supreme Court has continued to rely in this area upon

full record development as a predicate to judgment. That

approach was illustrated in the fact-intensive analysis provided

by the court in its most recent treatment of the "multifacted

legal inquiry that the court must undertake" in addressing the

problem of nonconsensual manipulations of an individual's body. 

Winston v. Lee, 470 U.S. 753, 764 n. 8 (1985).
 

 The task of the fact finder as to liability in this case

upon remand will be two fold. First, it must be determined

 2

whether the use of a plethysmograph in this setting would have

been a constitutionally impermissible intrusion upon the

plaintiff's bodily integrity. Second, if the answer to the first

question is "Yes," the factfinder must also answer the question

whether a public official in defendant Cole's position could

reasonably have believed when he made submission to the

plethysmograph a condition of reemployment that this would not be

an impermissible intrusion on Harrington's bodily integrity. It

is only if both questions are answered affirmatively that

defendant Cole can be held liable. Those answers by the fact

finder will ultimately, of course, be subject to judicial

supervision on matters of law.

 However, the record assembled on the motion for summary

judgment was insufficient to provide an adequate basis for

answering these questions at this point "as a matter of law." 

The jurisprudence of nonconsensual bodily manipulations has

developed cautiously and only after full understanding of the

underlying facts and relevant context. In the absence of such

development here judgment on the underlying questions would be

premature.

 Accordingly, the petition for rehearing of

defendants/appellees is hereby 

 Denied
 

 3